IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Angel Luis Neris-Ruiz,**

Petitioner

v.

**UNITED STATES OF AMERICA,**

Respondent

CIVIL NO. 14-1153 (PG)
(REL. CRIM. NO. 07-318 (PG))

**OPINION AND ORDER**

Before the court is Petitioner Angel Luis Neris-Ruiz's Title 28 U.S.C. § 2255 Habeas Corpus petition and memorandum in support (D.E.1). Respondent filed a response to the petition (D.E.4). Petitioner did not file a reply thereto. For the reasons discussed below, this Court finds that the petition and evidentiary hearing be **DENIED WITH PREJUDICE**.

**I. PROCEDURAL BACKGROUND**

Petitioner Angel Neris-Ruiz (hereinafter "Neris-Ruiz" or "Petitioner") was charged in Count One for conspiracy to possess with the intent to distribute narcotics within one thousand (1,000) feet of a public middle school (Crim. D.E. 478). On the eve of trial, after jury selection was completed, Petitioner pled guilty as to Count One of the superseding ten-count indictment. Petitioner had previously rejected a plea offer by the government since he thought he could get at least ten (10) to twelve (12) years of imprisonment (Crim. D.E. 2641, p. 24, 25). Judgment was

CIVIL NO. 14-1153 (PG)                                              2
REL. CRIM. NO. 07-318 (PG)

rendered on January 28, 2011 in which Petitioner was sentenced to imprisonment for a term of 20 years as to Count One. All other charges from the superseding indictment were dismissed.[1] The Court also imposed a Supervised Release Term of ten (10) years and a Special Money Assessment of one hundred dollars ($100.00).

On March 6, 2012, Petitioner sought relief in the First Circuit Court alleging ineffective assistance of counsel. See Crim. D.E. 3091. The appellate court affirmed this Court's Judgment and dismissed without prejudice Petitioner's ineffective assistance claim. See United States v. Neris-Ruiz, 491 Fed. Appx 199 (1st Cir.2012).

On February 26, 2014, Neris-Ruiz filed a Title 28 U.S.C. § 2255 motion in which he raises, once again, his ineffective assistance of counsel claim.  Neris-Ruiz argues in his memorandum that his counsel's assistance was ineffective because he did not explain how a Title 21 U.S.C. § 851 Information operated.(D.E. 1-1). He also expressed that if he had known that he would be exposed to a larger sentence if a § 851 Information was filed, he would have accepted the plea offer of twelve to sixteen (12-16) years instead of pleading to a twenty (20) year mandatory minimum.[2]

---

[1] Petitioner had been accused in a ten (10) count superseding indictment along with forty six (46) other co-defendants. (D.E. 1568, D.E. 478).

[2] A §851 Information takes into account the previous criminal history of the accused and exposes him to a higher mandatory minimum sentence.

CIVIL NO. 14-1153 (PG)                                                    3
REL. CRIM. NO. 07-318 (PG)

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255, a federal prisoner may move for post-conviction relief if the following requirements are satisfied: (1) the sentence was imposed in violation of the Constitution or laws of the United States;(2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; (4) or the sentence is otherwise subject to collateral attack. The burden is on the petitioner to show his entitlement for relief under § 2255. See David v. United States, 134 F.3d at 474 (1st Cir.1998).

Section 2255 also provides that a petitioner is entitled to an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Dziugot v. Luther, 897 F.2d at 1222, 1225 (1st Cir.1990). Thus, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, or are mere conclusions rather than statements of fact." Id.

In his memorandum of law in support of his § 2255 motion, Neris-Ruiz states that his pre-trial and sentencing counsel did not meet the reasonable assistance standard. He claims that counsel did not explain correctly that he could be exposed to a higher sentence

CIVIL NO. 14-1153 (PG)                                                    4
REL. CRIM. NO. 07-318 (PG)

if he did not accept the plea agreement within the time allotted and before the commencement of trial. Particularly, he asserts that had he known that the government could file an Information under 21 U.S.C. § 851 at any time, which in turn exposed him to a mandatory twenty-year (20) minimum, he would have accepted the twelve to sixteen (12-16) year imprisonment offer tendered by the government. Petitioner also indicates that the reason he pled guilty and decided not to go to trial was to avoid a higher sentence or a possible life sentence. (Crim. D.E. 2641, p.25).

In short, Neris-Ruiz blames his counsel for exposing him to a mandatory minimum of twenty (20) years without the possibility of a sentence reduction and avers that he is entitled to an evidentiary hearing in which a new sentence should be imposed.

In its response to Petitioner's § 2255 motion (D.E. 4), the United States points out that the record contradicts Neris-Ruiz's allegations. The Government states that this Court reviewed the plea hearing transcript and determined that even though counsel did not have a concrete recollection of whether he had mentioned the possibility that the Government might file an Information, the Court repeatedly advised Neris-Ruiz that he was subject to a twenty (20) year minimum sentence. Moreover, the Government indicates that the record shows that counsel had explained to Neris-Ruiz the effects of the § 851 Information.

CIVIL NO. 14-1153 (PG)                                            5
REL. CRIM. NO. 07-318 (PG)

Under Strickland v. Washington, 466 U.S. 668, 669 (1984), when a convicted defendant complains of the ineffectiveness of his counsel's assistance, the defendant must show that the representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential. The court must reconstruct the circumstances of counsel's challenged conduct, and evaluate the conduct from counsel's perspective at the time. Under Strickland, the defendant must demonstrate that there is a reasonable probability that counsel's unprofessional errors resulted in a lopsided verdict, and that the result might have been reasonably different if he had been represented accordingly. Id.

In Hinton v. Alabama, 134 S. Ct. 1081, 1089 (2014), the Supreme Court applied the Strickland standard and found that an Alabama criminal defense lawyer violated the ineffective assistance standard since he consciously hired a "bad" bullet forensic expert. In Hilton, counsel hired the inferior expert under the notion of a derogated law which established a minimum compensation of one thousand ($1,000) dollars for forensic experts when in fact this law had been changed a year earlier to allow reimbursement of "any expenses reasonably incurred." The court found that failure to know the current law violated the reasonable assistance standard and the case was remanded for an evidentiary hearing.

CIVIL NO. 14-1153 (PG)                                                6
REL. CRIM. NO. 07-318 (PG)

This type of significant error was not made by counsel in this case since Petitioner received a sentence that was less harsh than the one he would have probably received if he had gone to trial. In addition, the record makes clear that the Court explained numerous times the effects of not pleading before trial began.

In support of his § 2255 motion, Petitioner cites both Lafler v. Cooper, 132 S.Ct. 1376, 1382-83 (2012) and Missouri v. Frye, 132 S. Ct. 1399, 1399 (2012). Both cases are erroneously applied to the framework of this case. In Lafler, 132 S. Ct. at 1382-83, a criminal defendant rejected a plea offer based on his counsel's advice and further proceedings led to a less favorable outcome. The petitioner in Lafler sought post-conviction relief under § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel and relief was granted.

Likewise, in Frye, petitioner's counsel did not communicate a plea offer to Mr. Frye. Petitioner sought relief under § 2255, based on ineffective assistance of counsel. He stated that if he would have known about the offer, he would have accepted a ninety (90) day sentence instead of going to trial and receiving a sentence of three (3) years of imprisonment. See Frye, 132 S. Ct. at 1400.

In the case before this court these types of errors were not committed by Neris-Ruiz's trial counsel. From the record and transcripts of the case it is clear that the plea offers did not

CIVIL NO. 14-1153 (PG)                                                    7
REL. CRIM. NO. 07-318 (PG)

meet Petitioner's expectations and were rejected by him voluntarily (Crim. D.E. 2641, p. 24,25). Unlike the case cited, counsel did not convince the Petitioner to reject the offers, nor did he fail to communicate the plea offer before the deadline. We are thus unconvinced that counsel's performance violated the precedents established in Lafler and Frye, or that his performance fell below Strickland's cause and prejudice requisites insofar as he advised and communicated with his client accordingly.

In any case, this Court is not bound by any plea agreement arranged between the parties, therefore there is no guarantee that a plea agreement to a twelve to sixteen (12-16) sentence would have been adopted by this Court. If Neris-Ruiz would have been convicted by the jury, based on the evidence in this case, he would have ended with a total adjusted level of thirty nine (39) and a Criminal History Category of three (3). This would have resulted in a much higher sentence than the one he received, ranging from three hundred twenty four to four hundred five (324-405) months.[3] Therefore, the sentence actually imposed is much lower than the one he would have received had he been convicted by a jury. The foregoing are thus further grounds that Neris-Ruiz's assertions are unfounded.

---

[3] The Sentence was based on a total offense level of 37 and a Criminal History Category of III, the guideline imprisonment range in this particular offense is from 262 to 327 months, with a fine range of $20,000 to $20,000,000, plus a supervised release term of at least ten years.(D. E. 2641 p. 27, 28).

CIVIL NO. 14-1153 (PG) 8
REL. CRIM. NO. 07-318 (PG)

## III. CONCLUSION

Based on the above, the Court finds Petitioner's § 2255 motion meritless and is therefore **DENIED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11 of July, 2014

**S/JUAN M. PEREZ-GIMENEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**