**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

ANGEL LUIS NERIS-RUIZ,

    Petitioner,

        v.                                  CIV. NO. 14-1153 (PG)

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

    On January 28, 2011 Petitioner was sentenced to 20 years on count 1 of the indictment for conspiracy to possess with the intent to distribute crack cocaine within a protected location. See Docket No. 2577 of Crim. No. 07-3318. Three years later he filed a motion to vacate his conviction on the grounds of ineffective assistance of counsel under the standard developed in Strickland v. Washington, 466 U.S. 668, 669 (1984). See Docket No. 1.

    According to Mr. Neris, his attorney failed to advise him of the consequences of not accepting a plea offer from the government prior to the filing of the 18 U.S.C. § 851 Information. See Docket No. 1-1 at ¶ 3. The court denied the Section 2255 petition (Docket No. 6) and Mr. Neris appealed. See Docket No. 9. On October 16, 2014 the First Circuit directed this court to issue or deny a certificate of appealability within two weeks of the date of said order. See Docket No. 12. Once again, this court finds that the Petitioner has failed to make the required showing for the issuance of a certificate of appealability.

    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an appeal may not be taken to the court of appeals unless a certificate of appealability ("COA") is issued based upon a "substantial showing" by the applicant of "the denial of a constitutional right." 28 U.S.C. § 2253©. An appealing petitioner must demonstrate that the issues raised supporting his request for a COA "are debatable among reasonable jurists, that a court could decide them in a different fashion, or that they are adequate to deserve encouragement to proceed further." Pledger v. U.S., Nos. 97-2297, 97-1725, 97-2119, 97-2245, 1998 WL 88515, at *1 (1st Cir. Feb. 5, 1998)(unpublished table decision).

Civ. No. 14-1153 (PG)

Mr. Neris' COA application relies on his counsel's alleged cognizance that he delivered ineffective legal advice. See Docket No. 8 at page 6. The court already addressed those concerns in its Order denying the Motion to Vacate. See Docket No. 6. In doing so, the court relied on the record, particularly on the transcript of the sentencing hearing and determined that counsel's conduct did not fall below the Strickland standard of reasonableness. See Docket No. 2641 of Crim. No. 07-318 and Docket No. 6 of Civ. No. 14-1153.

To further his petition, Mr. Neris claims that he rejected the government' plea agreement "solely because of counsel's advice that he was subject only to a 10 year mandatory minimum sentence as opposed to a 20 [sic] years mandatory minimum if he went to trial and was found guilty." See Docket No. 8 at pages 6-7. The First Circuit has found such self-serving allegations to be insufficient to demonstrate the required prejudice under Strickland. See e.g. Moreno-Espada v. US, 666 F.3d 60, 66-67 (1st Cir. 2012). We find no reason to depart from that rationale.

In its Order denying the Motion to Vacate, the court pointed out that it explained numerous times to Mr. Neris the effects of not pleading before trial began. See Docket No. 6. However, petitioner discards the Rule 11 colloquy as "irrelevant" to his claims. See Docket No. 8 at page 5. His conclusion is misguided. In Moreno, the First Circuit took into consideration the defendants' expressions during the sentencing hearing in affirming the district court's denial of the 28 U.S.C. §2255 petition. ("Most notably, at the sentencing hearing held on November 14, 2006, Moreno acknowledged that he understood the PRS and its contents (which included the 2-level enhancement the parties overlooked in the agreement) and affirmed that he wished the district court to impose a sentence.") Moreno, 666 F.3d at 66; *see also*, Campuzano v. U.S., 976 F.Supp.2d 89, 111-112 (D.P.R. 2013).

Having addressed all the arguments raised in Petitioner's request for a COA, the court finds that he has failed to make a substantial showing of the denial of a constitutional right. The request is **DENIED.**

Civ. No. 14-1153 (PG)

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 28, 2014.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        SENIOR U.S. DISTRICT JUDGE